| | |
|---|---|
| KARLA O'NELL NORAMBUENA, NATALIA TAPIA LEIVA, ALMENDRA GONZALEZ DE LA PAZ, DAVID SILVA MORENO, FERNANDO VILCHES CASTILLO, CLAUDIO RAMOS, ALEJANDRO PIZARRO, EDUARDO ANTONIO MUÑOZ VARGAS, CARILYNS SARAI CAMUS JORQUERA, GONZALO ESCOBAR ESPEJO, CATALINA NOEMI RIVAS MORALES, BAIRON MOREL GUERRA, and DIEGO CRISTOBAL AHUMADA SOULODRE,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN IOWA TECH COMMUNITY COLLEGE (WITCC); TERRY YI, ; ROSANA SALGADO BURRIGHT,; JULINE ALBERT; TERRY MURELL;JAMES ZUERCHER; LILY CASTRO; PREMIER SERVICES, INC., d/b/a J&L Enterprises, also d/b/a J&L Staffing and Recruiting Inc.; NANCY ALBRECHT; CARLOS ESPINOZA; SOLEDAD ROJAS; JORGE ARCOS; CRISTIAN SAN MARTIN MATTA; TUR-PAK FOODS, INC., & ROYAL CANIN USA INC.;<br><br>Defendants. | Case No. 5:20-cv-4054-LTS-KEM<br><br><br><br><br><br>**PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE** |

**COME NOW** the Plaintiffs, by and through their undersigned counsel, and for their

Motion for Alternative Service, hereby states the following:

1

1. The Plaintiffs are Chilean international students who arrived in the United States in August, 2019, on student J-1 visas procured at the guidance and direction of Western Iowa Tech Community College (hereinafter "WITCC").

2. Carlos Espinoza, Soledad Rojas, Jorge Arcos, and Cristian San Martin Matta (collectively, the "Chilean Defendants") recruited the Plaintiffs into WITCC's J-1 visa program by working in concert with WITCC and other defendants.

3. The Plaintiffs accepted offers into the J-1 visa program after being promised free tuition, room, board, and food along with an internship and a degree in their selected field of study.

4. Upon arrival, the Defendants, through an organized scheme, placed the Plaintiffs to work in jobs unrelated to their fields of study, namely processing plants, forcing them to fulfill an exhausting work and academic schedule using threats of deportation and legal action.

5. On November 25, 2020, the Plaintiffs filed a Complaint alleging numerous state and federal causes of action related to, *inter alia*, human trafficking, forced labor, fraud, and breach of contract.

6. With good reason, Chilean Defendants are believed to be located outside of the United States, residing in Chile.

7. Fed. R. Civ. P. 4(f) provides various ways individuals "may be served at a place not within any judicial district of the United States."

8. Fed. R. Civ. P. 4(f)(1) allows service pursuant to an international agreement such as the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (hereinafter "Hague Convention").

9. Fed. R. Civ. P. 4(f)(3) also authorizes for alternative means of service at the direction and discretion of the court if not otherwise prohibited by international agreement.

10. Chile is not a signing member of the Hague Convention therefore it does not restrict the court's discretion in choosing alternative methods of service under Fed. R. Civ. P. 4(f)(3). Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents, Nov. 15, 1965, 20 U.S.T. 361.

11. Chile is a signing member of the Inter-American Convention on Letters Rogatory (hereinafter "IAC"). Inter-American Convention on Letters Rogatory, Jan. 30, 1975, 14 I.L.M. 339, https://www.oas.org/juridico/english/treaties/b-36.html. However, service by letters rogatory under the IAC is not mandatory. *Soc. Enter. LLC v. Sociedad Agricola Cato S.A.*, No. 15-CV-4158 (RJD), 2015 WL 13743436, at *2 (E.D.N.Y. Oct. 6, 2015).

12. While Fed. R. Civ. P. 4(f)(2) allows for service through the transmission of letters rogatory, service under this provision is not favored over alternative service allowed under Rule 4(f)(3). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Rules 4(f)(1), (2), and (3) are all separated by the conjunction 'or' demonstrating that "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id.*

13. Moreover, Plaintiffs are not required to attempt any and all other feasible means of service before the court may order alternative service under Rule 4(f)(3). *Id.* Further, attempting service through letters rogatory would unduly delay the proceedings and result in significant costs for the Plaintiffs. *See Preparation of Letters Rogatory*, U.S. DEP'T OF STATE, https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/obtaining-evidence/Preparation-Letters-Rogatory.html (last visited Jan. 25, 2021).

14. Plaintiffs respectfully request this Court approve service of process be effected by email notice, Facebook notice, or both to notify Chilean Defendants of these proceedings.

15. Alternative service of Chilean Defendants through email and Facebook are reasonably calculated under the circumstances and therefore comport with due process requirements. *See Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015).

16. The instant request is not a novel one. Courts have approvingly expanded the use of electronic service means in line with technological progress over the past 20 years,. *See Rio Props., Inc.*, 284 F.3d at 1018 (finding "email was the only court-ordered method of service aimed directly and instantly" at defendant); *Fed. Trade Comm'n v. PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *5 (S.D.N.Y. Mar. 7, 2013) (holding that service by Facebook was reasonably calculated to inform the defendant of litigation because the Facebook accounts were registered under the defendants' names and ample evidence showed they were not fake accounts); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (approving service by Twitter because defendant had an "active Twitter account and continue[d] to use it to communicate").

17. The Plaintiffs are not aware of any physical addresses for the Chilean Defendants. Further, the Chilean Defendants have consistently communicated with the Plaintiffs before and during this lawsuit through electronic means including email, Facebook, and text message.

18. Further, it is evident the Chilean Defendants possess knowledge of this lawsuit, and the facts upon which it relies, having received extensive local new coverage in both Northwest Iowa and in Chile.

19. In response, Defendant Carlos Espinoza has publicly expressed disapproval of the lawsuit by disseminating his commentary from his personal and long used Facebook account.

20. The particularities and necessities of this case support the court exercising its discretion to allow alternative service of process through email and Facebook.

21. The undersigned counsel conferred with appearing opposing counsel pursuant to LR 7(k). The parties appearing heretofore responded as follows:

      a. WITCC and corresponding defendants take no position;

      b. Premier Services, Inc. and corresponding defendant take no position;

      c. Tur-Pak Foods, Inc. provided no response to our email regarding this motion

      d. Royal Canin USA Inc. takes no position.

**WHEREFORE**, the Plaintiffs respectfully request this Court grant the Plaintiffs' Motion to affect service upon the Chilean Defendants by alternative service pursuant to Fed. R. Civ. P. 4(f)(3) and for any other relief that would be just and equitable in the premises.

      **PARRISH KRUIDENIER DUNN GENTRY**
      **BROWN BERGMANN & MESSAMER, L.L.P.**

      By: ____/s/ *Benjamin Bergmann*____
      Benjamin D. Bergmann   AT0009469
      Brandon Brown   AT0001199
      2910 Grand Avenue
      Des Moines, Iowa 50312
      Telephone: (515) 284-5737
      Facsimile: (515) 284-1704
      Email: bbergmann@parrishlaw.com
            bbrown@parrishlaw.com
      **ATTORNEYS FOR PLAINTIFFS**

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by:

| | | | |
|---|---|---|---|
| ( ) | personal service | ( ) | first class mail |
| ( ) | certified mail, return receipt requested | ( ) | facsimile |
| ( ) | Airborne Express (overnight) | (X) | electronic filing |
| | | ( ) | e-mail |

on January 29, 2021.
I declare that the statements above are true to the best of my information, knowledge, and belief.

      ____/s/ *Anita Soderblom*____

**Copies to:**

Holly Logan
Email: hollylogan@davisbrownlaw.com
Scott Brennan
Email: scottbrennan@davisbrownlaw.com
Elizabeth Van Arkel
Email: elizabethvanarkel@davisbrownlaw.com
Spencer Willems
Email: spencerwillems@davisbrownlaw.com
**ATTORNEYS FOR:**
**WITCC**
**TERRY YI**
**ROSANA SALGADO BURRIGHT**
**JULINE ALBERT**
**TERRY MURELL**
**JAMES ZUERCHER and**
**LILY CASTRO**


Sarah Millsap
Email: sarah.millsap@jacksonlewis.com
Brock Pohlmeier
Email: brock.pohlmeier@jacksonlewis.com
**ATTORNEYS FOR**
**PREMIER SERVICES, INC. and**
**NANCY ALBRECHT**


James Drury
Email: druryj@goosmannlaw.com
Kelsey Heino
Email: heinok@goosmannlaw.com
**ATTORNEYS FOR TUR-PAK FOODS**


Ryland Deinert
Email: deinert@klasslaw.com
Pro Hac Vice Elizabeth Ralph
Email: ralphe@gtlaw.com
**ATTORNEYS FOR ROYAL CANIN USA INC**