# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| KARLA O'NELL NORAMBUENA, et al, <br>     Plaintiffs, <br> vs. <br><br> WESTERN IOWA TECH COMMUNITY COLLEGE (WITCC), et al, <br>     Defendants. | CIVIL ACTION NO. 5:20-cv-04054 <br><br> BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMEMTS, INFORMATION OR OBJECTS, OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION |

**COMES NOW** the undersigned attorney and submits the following Brief in support of the Motion to Quash Subpoena to Produce Documents, Information or Objects, or to Permit Inspection of Premises in a Civil Action (hereafter the "Subpoena") issued to Northwest Iowa Mental Health Center, d/b/a Seasons Center for Behavioral Health (hereafter referred to as "Seasons Center").

## APPLICABLE LAW

The plaintiffs in this matter sued the defendants alleging they are victims of labor trafficking at the hands of the defendants. Counsel for defendants Premier Services, Inc. and Nancy Albrecht now seek treatment records, notes and other documentation relating to services provided to Plaintiff Fernando Vilches Castillo (hereafter "Fernando") by way of a subpoena issued to Seasons Center.

Seasons Center moves to quash the subpoena based on Fernando's status as a victim of a violent crime. Iowa Code §915.20A(1)(c) defines a "victim" as a person who consults a victim counselor for the purpose of securing advice, counseling, or assistance concerning a mental, physical, or emotional condition caused by a violent crime committed against the person." Iowa Code §915.10(5) defines the term "violent crime" as a "forcible felony as defined in Section 702.11, and includes any other felony or aggravated misdemeanor which involved the actual or threatened infliction of physical or emotional injury to one or more persons." Labor trafficking involves the actual or threatened infliction of emotional injury to one or more persons, and therefore qualifies as a violent crime pursuant to the definitions outlined in §915.10(5). The

crimes alleged by plaintiffs are punishable by more than one year imprisonment and therefore qualify as felonies if the defendants were to be criminally charged.

Defendants are not entitled to access to the requested information. Iowa Code §915.20A(2) provides protection for victims of violent crimes, and states that a victim counselor "shall not be examined or required to give evidence in any civil or criminal proceeding as to any confidential communications made by a victim to the counselor, nor shall a clerk, stenographer or any other employee who types or otherwise prepares or manages the confidential reports or working papers of a victim counselor be required to produce evidence of any such confidential communication unless the victim waives this privilege in writing or disclosure of the information is compelled by a court pursuant to subsection 7."

## CONCLUSION

The privileged information of Fernando is protected by the provisions of Chapter 915 of the Code of Iowa. In order to challenge those protections, defense counsel must comply with Iowa Code §915.20(A)(8).

For all of the foregoing reasons, the Subpoena must be quashed.

    MONTGOMERY, BARRY, BOVEE & DAVIS, LLP

By: /s/ Jill M. Davis
Jill M. Davis    AT0001917
316 11th Street SW Plaza
P.O. Box 500
Spencer, Iowa 51301
Phone: 712-262-1150
Fax: 712-262-5590
Email: jill@mbbsdlaw.com

ATTORNEY FOR SEASONS CENTER FOR BEHAVIORAL HEALTH

**Certificate of Service**

I hereby certify that on 11/09/2023, I electronically filed the foregoing with the Clerk of Court using the PACER system which will send notification of such filing to the attorneys of record in this proceeding.

/s/ Jill M. Davis_____
Jill M. Davis AT0001917
Montgomery, Barry, Bovee & Davis