# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KARLA O'NELL NORAMBUENA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN IOWA TECH COMMUNITY COLLEGE, et al., <br><br> Defendants. | No. C20-4054-LTS <br><br> **ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) (Doc. 211) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney. Judge Mahoney recommends that I dismiss one of the fourteen plaintiffs in this case, Catalina Noemi Rivas Morales, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Doc. 211. Neither party objected to the R&R.

## II. APPLICABLE STANDARDS

### A. *Review of Report and Recommendation*

A district judge reviews a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); N.D. IA. L.R. 72(d), 72A (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. ANALYSIS

Judge Mahoney recommends dismissal of Morales as a plaintiff because "it appears that Morales no longer wishes to be involved in this case, as she has been uncooperative with her attorneys and stopped responding to their communications, and she did not file the required notice ordered by the court." Doc. 211 at 1-2. Because neither party objected to Judge Mahoney's R&R, I have reviewed it for clear error. Judge Mahoney applied the correct legal standards in determining that dismissing Morales from

this case was appropriate. *See Haley v. Kansas City Star,* 761 F.2d 489, 490 (8th Cir. 1985); *see also* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.,* 370 U.S. 626, 630-32 (1962) (court may dismiss sua sponte for failure to prosecute). Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## IV. CONCLUSION

For the reasons set forth herein, I hereby **adopt** the Report and Recommendation (Doc. 211) **without modification**. Catalina Noemi Rivas Morales is hereby **dismissed** as a plaintiff in this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**DATED** this 29th day of November, 2023.

_____
Leonard T. Strand, Chief Judge