# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| KARLA O'NELL NORAMBUENA, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN IOWA TECH COMMUNITY COLLEGE, et al., <br><br> Defendants. | No. C20-4054-LTS <br><br> **ORDER** |

This case is before me on plaintiffs' motion (Doc. 268) to suspend their deadline to resist the motion (Doc. 261) for summary judgment filed by defendants Premier Services Inc. (J&L) and Nancy Albrecht (Albrecht). J&L and Albrecht have filed a resistance (Doc. 278) to the motion to suspend. Plaintiffs seek to suspend their deadline to resist the motion for summary judgment until some unspecified period of time after the court rules on their pending motion (Doc. 249) to disqualify counsel for J&L and Albrecht. Doc. 268 at 2-3.

Having reviewed the parties' filings, and having considered the requirements set forth in Federal Rule of Civil Procedure 56(d),[1] I find that the plaintiffs have failed to

---

[1] Rule 56(d) states:

> **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

demonstrate that the requested, open-ended suspension of their resistance deadline is necessary. As such, their motion (Doc. 268) to suspend the deadline is **denied**. Instead, the recently-extended deadline of **June 18, 2024**, shall remain in effect. *See* Doc. 274.

**IT IS SO ORDERED** this 30th day of May, 2024.

_____
Leonard T. Strand
United States District Judge

---

Fed. R. Civ. P. 56(d). Parties seeking additional discovery before resisting a motion for summary judgment must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (cleaned up). Plaintiffs do not cite or address Rule 56(d) in their motion (Doc. 268) to suspend deadline. And while the motion includes a declaration of counsel (Doc. 268-1), that declaration does not itemize the "specific facts" plaintiffs hope to elicit from further discovery. Nor do plaintiffs adequately explain how the "sought-after facts are essential to resist the summary judgment motion."